**SO ORDERED.**

**SIGNED this 10 day of October, 2012.**



J. Rich Leonard
United States Bankruptcy Judge

___

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

TIMOTHY M. MOORE,                             CASE NO. 11-03465-8-JRL
                                              CHAPTER 7
    DEBTOR.

### ORDER

This matter came before the court on the court's order to show cause why counsel for the debtor should not be sanctioned for failure to comply with Local Rule 5005-4(7)(a). A hearing took place in Raleigh, North Carolina on October 1, 2012.

### INTRODUCTION

Filing a document with a court is an act of undeniable significance. While the stakes are undoubtedly high for the client, who has placed his legal and financial affairs in the hands of his attorney, there can also be consequences for the attorney– legally, professionally and ethically– when he files a document with the court. By filing a petition or other document with a court an attorney represents, among other things, that the factual contentions in the document have evidentiary support. Fed. R. Bankr. P. 9011(b).

The filing of documents in the bankruptcy court for the Eastern District of North Carolina

is done electronically. E.D.N.C. LBR 5005-4(1). The use of electronic filing does not diminish the significance of the act of filing. Rather, the representations made when the attorney and client sign and file a document are of paramount importance when the document is filed electronically. The shift to electronic filing was by no means meant to relax the filing requirements.

In the case at hand, the original retained by debtor's counsel with debtor's signature was not a replica of the petition filed with the court. If the practice in which counsel engaged is utilized elsewhere, this order serves as notice to all attorneys appearing before the court that such practice will not be tolerated.

## BACKGROUND AND FACTS

A.  **Adversary proceeding on July 24, 2012 and August 1, 2012 where the court requested the "wet-ink" originals pursuant to Local Rule 5005-4(7).**

During the July 24, 2012 trial of an adversary proceeding arising out of this case it came to the court's attention that the debtor may not have had an opportunity to review the electronic version of his petition and schedules filed with the court. During the hearing, the debtor testified repeatedly that he did not remember signing off on information as presented in the electronically filed petition. The court entered an order dated July 31, 2012, requiring counsel to produce the debtor's original documents pursuant to Local Rule 5005-4(7)(a).[1]

---

[1]The rule states:

> A Filing User must obtain original signatures prior to filing on all electronically filed documents that require original signatures from any person other than the Filing User (e.g., petitions, lists, schedules, statements, amendments, affidavits, verifications, and other documents that require verification under Fed. R. Bankr. P. 1008 or an unsworn declaration as provided in 28 U.S.C. § 1746), which

2

At the August 1, 2012 hearing in the adversary proceeding, counsel presented the original petition with the debtor's "wet-ink" signature dated April 28, 2011. Upon review of the document, the court found that the document was not an exact replica of the petition electronically filed with the court. There were entire sections marked out and words and numbers handwritten over the typed text. Furthermore, the petition filed with the court on May 4, 2011, showed that the debtor signed the petition on May 4, 2011, not April 28, 2011 as was reflected on the original. To demonstrate that the differences were significant, and for illustrative purposes, the Schedule B filed with the petition is attached as Attachment I, and the "wet-ink" original retained by counsel is Attachment II.

At that hearing, the debtor testified that he met with counsel on April 28, 2011 to discuss the petition and schedules. The debtor also stated that he remembered signing the petition on that day while counsel was marking things out on the petition. That was the last time he saw his petition before it was electronically filed with the court. The debtor testified that counsel never told him that he would be given an opportunity to review the final copy.

Based on the production of the original wet-ink documents, the court entered an order on August 28, 2012, directing counsel for the debtor to appear before the court on October 1, 2012 to show cause why he should not be sanctioned for failure to comply with Local Rule 5005-4(7)(a).

---

documents must be maintained by the Filing User in paper form, bearing the original signatures, for four years after the closing of the case or proceeding in which the documents were filed. Upon the court's request, the Filing User must provide the original signed documents for review.

E.D.N.C. LBR 5005-4(7)(a).

**B.     Show cause hearing on October 1, 2012.**

At the show cause hearing on October 1, 2012, counsel first spoke to the changes in procedure that his firm had made since the failure to comply with Local Rule 5005-(4)(7) had come to light. Stating that the concern of the court did not go unnoticed at counsel's firm, he informed the court that clients now stay at the firm longer while the changes made to the draft petitions are incorporated into the final copy that will be signed. Clients may have to come back a second time if the changes cannot be made in one sitting. Now, counsel's firm does not print signature pages until the clean and final copy of the petition is in front of the client to review.

In explaining how the failure to comply with the Local Rule occurred, counsel said that the firm's practice had been to go over a draft petition with the client based on the information that the client initially provided to the firm. While reviewing that information for accuracy, counsel would make changes on the petition. The client would sign the draft petition and the written changes would be incorporated into a final petition which would be electronically filed with the court. What was kept as the original was the signed draft petition with the handwritten changes. Counsel explicitly stated to the court that this practice has ceased.

With respect to the discrepancy of the dates on the original petition and the electronically filed petition, counsel explained that the default settings of the petition software used sets the date as the date the electronic petition is printed out, not the actual date the original was signed. From now on, counsel assured the court that the date on the electronically filed petition will reflect the date on which the original was signed.

## DISCUSSION

A bankruptcy court has the authority to regulate the practice of attorneys who appear

before the court. This authority comes from the court's inherent powers, the Code, and the Rules. Accordingly, the Eastern District of North Carolina has mandated that all filings in the bankruptcy court will be done electronically. E.D.N.C. LBR 5005-4(1)(b).

The Local Rules require an attorney to obtain original signatures prior to electronically filing documents with the court on all documents that require a signature from any person other than the attorney. E.D.N.C. LBR 5005-4(7)(a). This includes petitions, lists, schedules, statements, amendments, affidavits, verifications, and other documents that require verification under Rule 1008 of the Federal Rules of Bankruptcy Procedure. Id. The attorney is required to keep the originals for four years after the termination of the case and produce such originals upon the court's request. Id.

Rule 9011(b) of the Federal Rules of Bankruptcy Procedure requires, in part, that when an attorney, or unrepresented party, files a document in court that person is "certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . , the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Bankr. P. 9011(b)(3). Sanctions can be imposed on an attorney who violates Rule 9011(b). Fed. R. Bankr. P. 9011(c); see also E.D.N.C. LBR 9011-3 ("If any attorney or party willfully fails to comply with any Local Bankruptcy Rule of this court, the court, in its discretion, may impose sanctions.").

The Local Rules state that the use of the login and password of the attorney on the electronic filing system,

> constitutes the *signature* of that [attorney] on the electronically filed document for purposes of the Federal Rules of Bankruptcy Procure, including Rule 9011, the Local

>Bankruptcy Rules of this court, and any other purpose for which a signature is required in connection with proceedings before this court. *Use of the login and password of the [attorney], or of a Filing Agent registered to file on behalf of the [attorney], also shall constitute certification by the [attorney] that: (1) all persons indicated to have signed the document have actually executed the original or a copy of the original, or have approved the content of and authorized their signature on the document, prior to electronic filing[.]*

E.D.N.C. LBR 5005-4(8)(a) (emphasis added). When an attorney submits an electronically signed document to the court, he is certifying to the court that he has the document in his possession bearing the signature of the client. If the certification is false, the attorney may be subject to sanctions pursuant to Rule 9011 and Local Rule 9011-3. As another bankruptcy court explained:

>[T]he integrity of the electronic filing system is at risk if attorneys are careless in their handling of originals. In addition, attorneys must treat the filing of electronic documents no differently than the court's prior system. At all times and for all documents filed with the court, an original signature is required. The same public policy that prevented an attorney from filing a document on a client's behalf without an original signature still exists in the era of electronic filing.

In re Brown, 328 B.R. 556, 559 (Bankr. N.D. Cal. 2005).

In re Daw, 2011 WL 231362, (Bankr. D. Idaho Jan. 24, 2011), recently addressed deficiencies in an attorney's ECF filings. In Daw, the court ordered the attorney to deliver the original copies of the signature pages of petitions. A review of the signature pages showed discrepancies between what was filed and the originals. The attorney's practices in Daw were similar to those in the case at hand. Counsel in Daw described his practices for the court, explaining

>that when filing bankruptcy cases for his clients, he [went] over draft petitions, schedules and statements of financial affairs with the debtors. He [had] his clients sign a declaration or verification page for the *draft* paperwork, and [made] notations on the draft to add or delete information. Counsel then has his paralegal make the changes and file the case using bankruptcy software. His clients [were] not asked to

6

review or sign the final petition, schedules or statements.

Id. at *4 (emphasis in original). The originals that were delivered to the court in Daw were the signed draft copies. Id. at *4 n.6. The court found counsel to be "grossly neglectful of the requirements of the Rules and of his ethical duties." Id. at *8.

In In re Harmon, the court in the Northern District of Georgia found violations of the Federal Rules of Bankruptcy Procedure, as well as of the Local Rules, when counsel filed a chapter 13 petition and plan after her client had signed only a draft version of the petition and had not verified the information on the final version. 435 B.R. 758 (Bankr. N.D. Ga. 2010).

> [The] practice of obtaining a debtor's signatures on documents, then changing the substance of the documents, failing to get the debtor's signature on the changed form, and ultimately filing the changed documents with an electronic indication of the debtor's signature is a violation of Local Rule 5005-7(b)(3). Those actions are particularly egregious when, as here, the documents are filed along with a declaration, signed by the debtor, that allegedly verifies the veracity of the attached documents.

Id. at 766.

As in Daw and Harmon, counsel's actions here violate the Federal Rules of Bankruptcy Procedure and the Local Rules. In filing the petition, counsel represented to the court that the debtor had signed the petition filed with the court and that counsel had an original with the debtor's wet-ink signature that mirrored the filed petition. This was not the case and amounted to a false representation of the facts. While the court credits counsel's testimony that there was no intent to deceive, counsel's failures were more than simply negligent. Accordingly, The Brewer Law Firm is formally reprimanded for its failure to comply with Local Rule 5005-4(7)(a), and directed to pay a sanction of $2,000 to the trustee in this case to offset his administrative expenses.

B6B (Official Form 6B) (12/07)                           ATTACHMENT I

In re  **Timothy M. Moore** _____,                Case No. _____
                                       Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | *Cash* | H | 30.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Suntrust Personal account* | J | 914.58 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *\* See Local Form Two* | J | 3,800.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | *\* See Local Form Two* | J | 525.00 |
| 6. Wearing apparel. | | *\* See Local Form Two* | H | 200.00 |
| 7. Furs and jewelry. | | *\* See Local Form Two* | H | 75.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | *\* See Local Form Two* | J | 1,175.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | *Nationwide Variable Universal Life Insurance Insured: Debtor Beneficiary: Wife Cash Surrender Value: $25,991.08* | H | 25,991.08 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >    32,710.66
(Total of this page)

  **3**   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Timothy M. Moore**                                         Case No. _____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Pioneer 401(K)** **Amount: $43,244.66** **Not property of the bankruptcy estate pursuant to Section 541(c)(2) of the Bankruptcy Code.** | H | 0.00 |
| | | **IRA** | H | 35,213.43 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **DEAG, LLC** **Suntrust Business Bank Account: amount $136.08** | - | 138.08 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >     **35,351.51**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                              Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Timothy M. Moore**                                                      Case No. _____
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | 2010 Tax Refunds | J | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2009 Dodge Journey<br>Mileage: 30,430<br>Value: $17,725.00 | J | 8,862.50 |
| | | 2002 Dodge Durango<br>Mileage: 143,150<br>Total Value: $3,300.00<br>Debtor's 1/2 interest | J | 1,650.00 |
| | | 2001 Coachman Travel Camper<br>Total Value: $2,200<br>Debtor's 1/2 interest: $1,100.00 | J | 1,100.00 |
| 26. Boats, motors, and accessories. | | 2003 Hurricane 20' Deck Boat & Trailer<br>Jointly Owned with Sam & Nancy Whitmeyer Weathers<br>Total Value -$6,000.00<br>Debtors' 1/2 Interest - $3,000.00<br>Sam & Nancy Whitmeyer Weathers are in the process of selling their 1/2 interest in the boat to Kevin Szogas and are receiving $500.00 a month until paid. Because of the title issues with the boat and trailer the debtors have listed reduced value. | - | 3,000.00 |
| 27. Aircraft and accessories. | X | | | |

                                                                                                         Sub-Total >       14,612.50
                                                                                                       (Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Timothy M. Moore**                                ,    Case No. _____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >     0.00
(Total of this page)
Total >    82,674.67

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

ATTACHMENT II

In re **Timothy M. Moore**  
　　　　　　　　　　　　　　　　　　　　　　Debtor

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | Cash | H | ~~146.23~~ 30 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | ~~Bank of America checking account~~ closed  ~~Bank of America savings account~~ Closed  ~~SunTrust Business Checking Account~~ DCAG, LLC  Crescent Bk | H | ~~4,228.00~~  ~~7,932.00~~  ~~136.05~~  ~~15.8A~~ |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | * See Local Form Two | J | 3,800.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | * See Local Form Two | J | 525.00 |
| 6. Wearing apparel. | | * See Local Form Two | H | 200.00 |
| 7. Furs and jewelry. | | * See Local Form Two | H | 75.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | * See Local Form Two | J | 1,175.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Nationwide Insurance Insured: Debtor Beneficiary: Wife  Variable Universal Life Insurance | H | 25,991.08 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total > 54,151.21  
(Total of this page)

_3_ continuation sheets attached to the Schedule of Personal Property

① DB Suntrust — 136.08
 DEA & LLC —
 Bus Acct

② Suntrust — -914.58
 Personal



B6B (Official Form 6B) (12/07) - Cont.

In re  **Timothy M. Moore** _____,    Case No. _____
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Pioneer 401(K) Amount: ~~$33,142.30~~ 43,244.66 Not property of the bankruptcy estate pursuant to Section 541(c)(2) of the Bankruptcy Code. | H | 0.00 |
| | | ~~IRA - Pershing IRA~~ ~~Amount: $28,817.73~~ ~~Not property of the bankruptcy estate pursuant to~~ ~~Section 541(c)(2) of the Bankruptcy Code.~~  35,213.43 | H | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | Second Tier of Pioneer 40(K) Amt. 2,000 | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | 136.00 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | DEAG, LLC Suntrust Business Bank Acct 136.08 | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

                                                                    Sub-Total >          0.00
                                                                 (Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re **Timothy M. Moore**                                                                                       Case No. _____
                                   Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | 2010 Tax Refunds | J | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2009 Dodge Journey Mileage: 30,430 ~~Debtor's 1/2 interest: $8,500.00~~ Total Value $17 Debtor 1/2 = 8,862.50 | J | ~~17,000.00~~ 17,725 |
| | | 2002 Dodge Durango Mileage: 143,150 Debtor's 1/2 interest: ~~$1,950.00~~ 1,650 | J | ~~3,900.00~~ 3,300 |
| | | 2001 Coachman Travel Camper Debtor's 1/2 interest: $1,100.00 | J | 2,200.00 |
| 26. Boats, motors, and accessories. Jointly Owned | | 2003 Hurricane 20' Deck Boat + Trailer ~~Owns~~ with Sam & Nancy Whitmeyer Weathers ~~Debtor's 1/2 interest: $5,000.00~~ Debtor's 1/2 interest $4,500.00 Sam + Nancy Whitmeyer Weathers are in the process of selling their 1/2 interest in the boat and are receiving $500 each month until paid - to Kevin $5,209.65 | | ~~10,000.00~~ ~~$8,000.00~~ |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

Sub-Total > 33,100.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Note (handwritten): Amanda put Debtor's 1/2 interest over and move total value

B6B (Official Form 6B) (12/07) - Cont.

In re  **Timothy M. Moore**,          Case No. _____
                                  Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

                                                        Sub-Total >      **0.00**
                                                   (Total of this page)
                                                            Total >     **53,559.24**

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

END OF DOCUMENT